BRADLEY BOSTICK, ESQ. (SBN 111235)
MEDIATION AND LAW OFFICE OF BRADLEY BOSTICK
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 645-1575
Facsimile: (925) 885-2336
Email: bostick@timetomediate.com

SCOTT D. COHEN, ESQ. (SBN 337238)
NORTH BAY JUSTICE, APC
75 Executive Avenue, Suite 3
Rohnert Park, California 94928
Telephone: (916) 743-2971
Email: scott@northbayjustice.com
Attorneys for Plaintiffs JOSEPHINE GRANILLO, ADRIANA GRANILLO, and DELIA GRANILLO

FILED
CLERK, U.S. DISTRICT COURT
8/13/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: rec DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

JOSEPHINE GRANILLO; ADRIANA GRANILLO; and DELIA GRANILLO

Plaintiffs,

v.

OLIVE GARDEN HOLDINGS, LLC; N AND D RESTAURANTS, LLC; SERENA CARDENAS, an individual, formerly sued as DOE 2; and DOES 3-10, inclusive,

Defendants.

**CASE NO.: 5:26-cv-03083-DTB**
STATE CASE NO.: CIVVS2600635

**SECOND AMENDED COMPLAINT**
1. Negligent Hiring and Retention
2. Assault
3. Battery
4. Respondeat Superior
5. Negligent Infliction of Emotional Distress - Bystander Liability

State Action Filed: January 26, 2026
Removal Date: June 4, 2026
Trial Date: Not yet set

Plaintiffs JOSEPHINE GRANILLO, ADRIANA GRANILLO, and DELIA GRANILLO ("Plaintiffs") file this Second Amended Complaint against Defendants N AND D RESTAURANTS, LLC, SERENA CARDENAS, formerly sued as DOE 2, and DOES 3-10, inclusive, and allege as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs JOSEPHINE GRANILLO, ADRIANA GRANILLO, and DELIA GRANILLO are domiciled in and reside in California.

2. Plaintiffs previously named OLIVE GARDEN HOLDINGS, LLC, which will be dismissed from this action.

3. Defendant N AND D RESTAURANTS, LLC is a limited liability company licensed to do business in the State of California, with a principal place of business in Orlando, Florida.

4. Plaintiffs are informed and believe, and thereon allege, that Defendant SERENA CARDENAS ("CARDENAS"), formerly sued as DOE 2, is an individual domiciled in and a citizen of California. At all relevant times, CARDENAS was an employee and agent of Defendant N AND D RESTAURANTS, LLC.

5. Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOES 3-10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of said Defendants when the same have been ascertained, together with such other charging allegations as may be appropriate.

6. Plaintiffs are informed and believe, and thereupon allege, that each Defendant designated as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereafter referred to, and caused injuries and damages proximately thereby to Plaintiffs, as hereinafter alleged, either through said Defendants' own negligent conduct, through the conduct of their agents, servants, or employees, or in some other manner as yet unknown.

7. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants and each of them were the agents, servants, employees, independent contractors, and/or joint venturers of their co-Defendants and were, as such, acting within the scope, course, and authority of said agency, employment, contract, and/or joint venture, or acting in concert, and that each Defendant, when acting as a principal, was negligent in the selection, hiring, training, control, and supervision of each other Defendant as an agent, servant, employee, independent contractor, and/or joint venturer. At some or all relevant times, each Defendant was the agent of each other Defendant, each Defendant was acting within the course and scope of that agency, each Defendant ratified the conduct of the other Defendants with actual and/or constructive

knowledge of such conduct, and each Defendant was subject to and under the supervision of the other Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

**FIRST CAUSE OF ACTION**

**(Negligent Hiring and Retention Against N AND D RESTAURANTS, LLC)**

1. Defendant N AND D RESTAURANTS, LLC (hereafter "NDR") is, and at all times herein mentioned was, a limited liability company doing business in California, with its principal place of business in Orlando, Florida.

2. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant CARDENAS was the employee and agent of Defendant NDR and, in doing the things hereinafter alleged, was acting within the course and scope of that agency. Further, Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of this agency or employment.

3. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 3-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each fictitiously named Defendant is negligently responsible in some manner for the occurrences herein alleged and that Plaintiffs' injuries as alleged herein were proximately caused by such negligence.

4. At all times mentioned in this Complaint, Defendant NDR owned, operated, maintained, and controlled a restaurant commonly referred to and known as "Olive Garden," located at 12330 Armagosa Road, Victorville, San Bernardino County, California.

5. Plaintiffs are informed and believe, and thereon allege, that in doing the acts heretofore alleged, Defendant NDR knew, or in the exercise of reasonable diligence should have

known, that Defendant CARDENAS was incompetent and unfit to perform the duties for which she was employed and that an undue risk to persons such as Plaintiff would exist because of the employment. At all times mentioned in this Complaint, Defendant CARDENAS appeared mentally deranged or obstreperously under the influence of an unknown substance and was a person of violent, vicious, and dangerous character and disposition. At all times mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the employment and presence of Defendant CARDENAS in the restaurant would constitute a danger and hazard to guests at Olive Garden, but carelessly and negligently failed to take reasonable precautions to terminate Defendant CARDENAS's employment or otherwise prevent an assault by Defendant CARDENAS on Plaintiff JOSEPHINE GRANILLO on the restaurant's premises. Defendants, and each of them, knew of Defendant CARDENAS's violent propensities and unfitness for and inability to perform her job because similar complaints concerning Defendant CARDENAS threatening guests had been lodged with Defendant NDR's management before the subject incident. After having such notice, Defendant CARDENAS attacked Plaintiff JOSEPHINE GRANILLO, completely unprovoked.

6. Despite this advance knowledge, Defendant NDR retained Defendant CARDENAS as an employee in conscious disregard of the rights and safety of others. As a result of this conscious disregard of the rights of Plaintiff, Plaintiff is entitled to an award of punitive damages from Defendant NDR.

7. On or about June 23, 2025, Plaintiff JOSEPHINE GRANILLO was a guest at Olive Garden when she was suddenly attacked and wrestled to the ground by Defendant CARDENAS.

8. In the skirmish that followed, Plaintiff JOSEPHINE GRANILLO sustained serious injuries to her eyes, face, arms, and legs and suffered severe emotional distress as alleged below.

9. Defendants, and each of them, negligently and carelessly hired and/or failed to terminate Defendant CARDENAS upon notice of her violent propensities. Defendants, and each of

them, knew or should have known of Defendant CARDENAS's violent propensities, and they negligently, carelessly, and recklessly failed to terminate Defendant CARDENAS or warn Plaintiff upon notice.

10. As a proximate result of the negligence of Defendants, and each of them, Plaintiff JOSEPHINE GRANILLO was hurt and injured in her health, strength, and activity, sustaining injury to her mind and body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that such injuries will result in some permanent disability and trauma to her. As a result of such injuries, Plaintiff has suffered general damages according to proof.

11. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and/or related expenses.

**SECOND CAUSE OF ACTION**

**(Assault Against All Defendants)**

12. Plaintiffs refer to and herein incorporate Paragraphs 1-11, inclusive, of the First Cause of Action.

13. On or about June 23, 2025, Defendant CARDENAS entered the premises and assaulted and battered Plaintiff JOSEPHINE GRANILLO. Defendant CARDENAS's violent attack was entirely unprovoked.

14. By reason of the acts of Defendant CARDENAS as alleged above, Plaintiff JOSEPHINE GRANILLO was placed in great fear for her life and physical well-being.

15. By reason of the wrongful and malicious acts of Defendant CARDENAS and of the fright caused Plaintiff, Plaintiff JOSEPHINE GRANILLO has suffered extreme and severe mental anguish and physical pain and has been injured in mind and body as follows: injury to Plaintiff JOSEPHINE GRANILLO's leg, emotional trauma, stress, embarrassment, worry, and post-trauma-related fears, all to Plaintiff's damage.

16. By reason of the wrongful and malicious acts of Defendant CARDENAS, Plaintiff JOSEPHINE GRANILLO was required to and did expend money and incur obligations

for services, drugs, and sundries reasonably required in the treatment and relief of both the emotional disturbance and injuries she sustained.

17. Defendant CARDENAS's acts were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**

**(Battery Against All Defendants)**

18. Plaintiffs refer to and herein incorporate Paragraphs 1-17, inclusive, of the First and Second Causes of Action.

19. On or about June 23, 2025, at Olive Garden in Victorville, California, Plaintiff JOSEPHINE GRANILLO was lawfully on the premises of employer Defendant NDR for the purpose of dining at the restaurant immediately before the battery.

20. At that time and place, Defendant CARDENAS pushed, hit, scratched, and wrestled Plaintiff JOSEPHINE GRANILLO to the ground, constituting harmful and offensive contact with Plaintiff.

21. In doing the acts alleged above, Defendant CARDENAS acted with the intent to make harmful contact with Plaintiff's person.

22. At no time did Plaintiff consent to any of the acts of Defendant alleged in Paragraphs 1 through 21 above.

23. As a proximate result of the acts of Defendants, Plaintiff suffered a physical injury to her leg and emotional harm as alleged above.

24. As a proximate result of the acts of Defendants, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that these injuries will result in some permanent mental disability to her. As a result of these injuries, Plaintiff has suffered general damages.

25. The aforementioned conduct of Defendant CARDENAS was willful and malicious and was intended to oppress and cause injury to Plaintiff, thereby warranting the assessment of punitive damages against Defendant CARDENAS and/or Defendant NDR.

**FOURTH CAUSE OF ACTION**

**(Respondeat Superior)**

26. Plaintiffs refer to and herein incorporate Paragraphs 1-25, inclusive, of the First, Second, and Third Causes of Action.

27. At all times herein mentioned, Defendant CARDENAS was the agent and employee of Defendant NDR and, in doing the acts herein described and referred to, was acting in the course and within the scope of her authority as agent and employee and in the transaction of the business of the employment or agency. Defendant NDR is therefore liable to Plaintiffs for the acts of Defendant CARDENAS as heretofore alleged.

**FIFTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress - Bystander Liability)**

28. Plaintiffs refer to and herein incorporate Paragraphs 1-27, inclusive, of the First, Second, Third, and Fourth Causes of Action.

29. Plaintiffs ADRIANA GRANILLO and DELIA GRANILLO are the daughters of Plaintiff JOSEPHINE GRANILLO, who was injured as a result of Defendants' negligence.

30. On or about June 23, 2025, Plaintiffs ADRIANA GRANILLO and DELIA GRANILLO were present at the scene of the incident located at Olive Garden in Victorville, California, and contemporaneously perceived the events causing injury to their mother, Plaintiff JOSEPHINE GRANILLO.

31. At the time of the incident, Plaintiffs ADRIANA GRANILLO and DELIA GRANILLO were aware that Defendants' conduct was causing injury to their mother, Plaintiff JOSEPHINE GRANILLO.

32. As a direct and proximate result of Defendants' negligence, Plaintiffs ADRIANA GRANILLO and DELIA GRANILLO suffered serious emotional distress, including but not

limited to anxiety, shock, mental anguish, and physical manifestations of emotional distress.

33. Defendants owed a duty of care to Plaintiffs and breached that duty by negligently causing injury to their mother, Plaintiff JOSEPHINE GRANILLO.

34. Plaintiffs ADRIANA GRANILLO and DELIA GRANILLO's emotional distress was reasonably foreseeable under the circumstances.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, on each cause of action, as follows:

1. For general damages in the amount of $200,000;
2. For punitive damages in the amount of $800,000;
3. For costs of suit incurred herein; and
4. For such other and further relief as this Honorable Court may deem proper.

Dated: August ____, 2026

**MEDIATION AND LAW OFFICE OF BRADLEY BOSTICK**

By: ______________________________

Bradley L. Bostick
Attorneys for Plaintiffs JOSEPHINE GRANILLO,
ADRIANA GRANILLO, and DELIA GRANILLO